UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PANKAJ MERCHIA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-03917 (UNA) |
| ) | |
| ANTHONY DIPAOLO, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2, with accompanying Errata, ECF No. 3. The court grants plaintiff's IFP application, for the reasons explained below, it dismisses this matter for lack of subject matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). A party seeking relief in the district court must at least plead facts that bring the suit within the court's

jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a Florida citizen residing in Boca Raton, Florida, has sued "personally" a resident of Boston, Massachusetts.  *See* Compl. at 1–2.  Allegedly, defendant "made false accusations of fraud that maliciously defamed and intentionally emotionally harmed [plaintiff] to unjustly advance his career" by making "fraudulent accusations" against him and by ignoring "the truth and medical billing procedures" of a health insurance company that plaintiff has already sued separately in this court, *see Merchia v. Harvard Pilgrim Healthcare, Inc.*, No. 23-cv-3913 (RC).  Plaintiff seeks damages in excess of $75,000.  *See* Compl. at 2.

Plaintiff attempts to establish subject matter jurisdiction via diversity of citizenship.  *See id.*; *see also* 28 U.S.C. § 1332(a).  But, as pleaded, this matter fails to "meet the standards of diversity," *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990), of which "[c]itizenship is an essential element" that cannot be established by "an allegation of residence alone[,]" *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). Because "failing to establish citizenship is not a mere technicality," the party seeking to proceed in diversity must clearly plead "the citizenship of each and every party to the action."  *Id.*; *see Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) ("the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference[.]").  Simply put, plaintiff has not met his burden of pleading defendant's citizenship.[1] Moreover, plaintiff's own citizenship is somewhat unclear.  Though he provides the

---

[1] Indeed, plaintiff has failed to even provide a full residence address for defendant, in contravention of D.C. LCvR 5.1(c)(1).

aforementioned Boca Raton address in the caption and body of the complaint, *see* Compl. at 1–2, 7, he lists an address in Boyds, Maryland, on the case cover sheet, ECF No. 1-1, at 1.

Consequently, this case is dismissed without prejudice. Plaintiff's pending motion for CM/ECF password, ECF No. 4, is denied as moot. A separate order will issue contemporaneously.

Date:   April 8, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge